The opinion of the court was delivered by
Tiluhman, C. J.
Without considering whether the witness was competent at common law, the question may be decided by ad *298 verting to an act of assembly, passed the 2d of April, 1822, (after the commencement of this suit.) 7 St. Laws, 570. By this act it is enacted, “ that in any suit in which the commissioners and inhabitants of the township of Moyamensing shall be a party, or otherwise interested, the testimony of any witness otherwise competent, shall not be rejected, because he or she may reside in the said township, be a commissioner thereof, or own property therein.” These words are large enough to comprehend the case of the witness in question ; but the counsel for the defendant contend, that the act should be construed, so as to refer only to future suits, and not to affect actions then pending, which would have a retrospective operation. In support of this principle, the case of The Commonwealth v. Duane was cited, (1 Binn. 608,) where it was said by this court, that a statute shall not be construed retrospectively, so as to take away a vested right. To this principle I adhere firmly, but it does not apply to the ease before us. No man has a vested right in the testimony of a witness. The rules of evidence, which are generally founded on good sense, justice, and political expediency, are always subject to alterations by the legislature. The rule which excludes all persons from being witnesses, who have the smallest particle of interest in the event of the suit, has been found extremely inconvenient in cases where all the inhabitants of a county or township are excluded, on account of a very trifling interest; and where, the evidence necessary to arrive at the justice of the matter in contest, is not to be had but amongst those inhabitants. Acts have frequently been passed, altering this rule of the common law, in order to remove this inconvenience, and there is no reason why such acts should not receive a liberal construction. It requires no forced construction of the act in question, to embrace the case of the witness who was offered on the part of the plaintiff It was a suit in which the commissioners and inhabitants of the township of Moyamensing were a party, and the cause coming to trial after the passing of the act, it fell within the words, “ in any suit in which the said commissioners and inhabitants shall be a party. ” I am therefore of opinion, that the incompetency arising from the rules of the common law, was removed by the act of assembly, and the witness was properly admitted.
It does not appear, that the Court of Common Pleas gave or were required to give an opinion on any other matter of law. But it is contended, on the part of the defendant, that there is error in the record, because it appears that the plaintiffs demanded, and have recovered, the amount collected by the defendant, of a tax on dogs, to which they were not entitled. There were two distinct taxes on dogs; one laid by virtue of an act passed the 23d of March, 1809, (5 Sm. L. 36,) to which it is confessed the plaintiffs are entitled. The other, laid by virtue of the act of the 24th of March, 1818, (7 State L. 570,) the proceeds of which, the de* *299 fehdant supposes, belong not to the plaintiffs, but to the commissioners of the county of Philadelphia, as a fund for the education of poor children. Now, to put the matter on the strongest footing for the defendant, let us assume, for the sake of the argument, (without making any decision,) that the notice given by the plaintiffs of the thing demanded by them in this suit, is part of the record which this court is bound to recognize, and also that the plaintiffs are not entitled to the proceeds of the additional dog-tax collected under the act of the 24th of March, 1818; it still remains a question, whether it appears with certainty that the plaintiffs have recovered the amount of that tax. And I am of opinion, that it does not appear with certainty. The notice is, that the plaintiffs demand the net proceeds of the dog-tax, in certain years. But there were two distinct dog-taxes in those years, and it may be, that the plaintiffs demanded, and have recovered only the proceeds of that tax to which they were entitled. The defendant might have called on the plaintiffs to specify their demand with greater precision, and having ascertained that they claimed both the taxes, the opinion of the court might have been taken as to the plaintiffs* right to recover the additional dog-tax. We ought not to reverse the judgment, unless it appears absolutely, and unequivocally, that the plaintiffs have recovered what by law they are not entitled to. But that does not appear; as, for aught we know, the original tax, imposed by the act of 1809, to the proceeds of which the plaintiffs were entitled, may have amounted to three hundred and seventy-six dollars, and seventy-five cents, the sum claimed by the plaintiffs. I am of opinion, therefore, that there is no error, and the judgment should be affirmed.
Judgment affirmed.